WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johann Alexander Bass,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Lieutenant Vail, et al.,<br><br>　　　　　Defendants. | No.  CV 13-1736-PHX-RCB (JFM)<br><br><br>**O R D E R** |

On August 22, 2013, Plaintiff Johann Alexander Bass, who is confined in the Arizona State Prison Complex-Phoenix in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an October 25, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 4, 2013, Plaintiff filed a First Amended Complaint (Doc. 7).  The Court will dismiss the First Amended Complaint and this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     First Amended Complaint**

In his one-count First Amended Complaint, Plaintiff sues the following Defendants at the Maricopa County Lower Buckeye Jail: Facility Commander Lieutenant Vail, Sergeant Cooper, Detention Officer Crock, and Supervisor John Doe.

. . . .

- 2 -

Plaintiff alleges that his Fifth and Fourteenth Amendment due process rights were violated because he was punished without first receiving written notice of a rule violation, a hearing or adjudication of guilt, or written findings relied on to impose punishment. Specifically, he claims that when he was a pretrial detainee at the Lower Buckeye Jail, two inmates in his pod had an argument, one of them left the pod and later told officers that he could not return to the pod because he had been threatened, but refused to tell officers who had threatened him. Plaintiff states that although this was an isolated incident between two inmates, no altercation occurred, he was not involved, and he was housed at the other end of the pod, Defendant Crock placed the entire pod on punitive lockdown for three days, without providing Plaintiff with notice of the rule allegedly violated, a due process hearing, or written findings. Plaintiff claims he was punished because, for those three days, he was deprived of showers, cell cleaning, television, regular visitation, programs, phone calls, religious services, recreation, and access to the dayroom. He states that institutional security was not at issue and the restrictions were imposed expressly to punish.

Plaintiff asserts that Defendants Cooper and Doe were Defendant Crock's supervisors, were aware of Defendant Crock's intent to punish and authorized Defendant Crock's imposition of punishment, despite being aware that Plaintiff had not received a hearing prior to the punishment. Plaintiff contends that neither took actions to prevent the due process violation, even though they had the authority to suspend the punishment until Plaintiff had received due process. Plaintiff also states that he filed a "disciplinary appeal," claiming he was being punished without due process, but Defendant Vail stated that the punishment would remain in place.

In his Request for Relief, he seeks monetary damages, legal expenses, and court filing fees.

**III.   Failure to State a Claim**

Although the Due Process Clause of the Fourteenth Amendment protects against the imposition of "punishment" prior to an adjudication of guilt, a detainee may be

subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546. "Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel." *Id.* at 547. Moreover, "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions." *Id.* "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.*

Plaintiff's allegation that "institutional security was not at issue" is conclusory and, in addition, he does not allege that the lockdown was not reasonably related to preserving internal order, inmate safety, and discipline. Plaintiff clearly alleges that the lockdown was precipitated by disruptive behavior and threats among inmates. He claims there was an altercation between two inmates, an inmate claimed that he could not return to the pod because he had been threatened, and corrections officers were not aware of who had threatened the inmate. A lockdown of the pod for a relatively short amount of time—three days—was reasonably related to the goals of preserving institutional security, inmate safety, and internal order. Thus, the Court will dismiss Count One.

**IV.  Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). The Court finds that further

opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's First Amended Complaint (Doc. 7) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 23rd day of April, 2014.

Stephen M. McNamee
Senior United States District Judge